

EOD
07/08/2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

IN RE: §
§
TERANCE CHARLES FORSYTH, SR. § Case No. 04-90704
§
§
Debtor § Chapter 13

### **MEMORANDUM OF DECISION**[1]

This matter is before the Court upon hearing of the "Trustee's Objection to Debtor's Claim of Exemptions" filed by Timothy O'Neal, Acting Chapter 13 Trustee (the "Trustee"), in the above-referenced case. The Objection seeks to invalidate the Debtor's homestead exemption claim as to three tracts of land, totaling 38.3 acres located in Tyler County, Texas. The Trustee withdrew his Objection to the homestead designation regarding the 3.29 acre- and 8.3 acre- tracts. Upon due consideration of the evidence and the applicable legal authorities, the Court concludes that the Trustee's Objection should be sustained and that the Debtor's homestead claim as to the 26.8 acres should be denied.[2]

*Factual and Procedural Background*

The Debtor, Terance Charles Forsyth Sr. (the "Debtor"), filed a petition for relief

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

[2] This Court has jurisdiction to consider the objection pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (B), and (O).

under Chapter 13 on September 3, 2004. On the filing date, the Debtor filed his Schedule C wherein the Debtor claimed a homestead exemption under Texas law with regard to three (3) tracts of real property. At the hearing the Trustee conceded that two of those tracts, 3.29 acres located at Smith SD, Block 59-1, Lot E, Tyler County, TX, and 8.3 acres located at Tubb SD, Lot 16, Tyler County, TX, were the subject of a legitimate homestead claim by the Debtor. The Trustee, however, maintains his challenge to the legitimacy of the homestead exemption claim as to the third tract constituting 26.8 acres, located at Elijah Plot, Tyler County, TX. The property is located twenty-two (22) miles from the Debtor's residence in a very rural area and a significant portion of the property constitutes "bottomland." Accordingly, the Debtor's primary use of the property is recreational — specifically, for hunting hogs. There are no improvements located on the 26.8 acres, although the property does contain some unimproved roadways and hunting blinds. Mr. Forsyth testified that he occasionally cuts deadwood for personal use from the property and that the family sporadically utilizes some meat arising from the hog-hunting activities on the property.

*Discussion*

The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in property of the debtor as of the petition date, including any property that might potentially be exempt. 11 U.S.C. §541(a). The debtor may then exempt certain property from the bankruptcy estate by claiming either the federal

exemptions provided by §522(d), or any other exemptions provided by applicable federal, state, or local law. 11 U.S.C. §522(b). In assessing a debtor's claimed exemptions, the court must look to state law to interpret the state exemption rights. *Bradley v. Pacific Southwest Bank (In re Bradley)*, 121 B.R. 306, 312 (Bankr. N.D. Tex. 1990), rev'd on other grounds, *In re Bradley*, 960 F.2d 502 (5th Cir. 1992), cert. denied sub. nom., *Commonwealth Land Title Ins. Co. v. Bradley*, 507 U.S. 971, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993); *see also In re Moody,* 77 B.R. 580, 590 (S.D. Tex. 1987) ["Bankruptcy courts must resort to state law for an interpretation of state exemption rights in homesteads."], aff'd by *Matter of Moody*, 862 F.2d 1194 (5th Cir.), cert. denied, *Moody v. Smith*, 503 U.S. 960, 112 S.Ct. 1562, 118 L.Ed.2d 209 (1992). The facts and law existing as of the date of the petition govern a debtor's claimed exemptions. *Zibman v. Tow*, 268 F.3d 298, 302 (5th Cir. 2001) ["This focus on the status as of the date of filing is commonly referred to as the 'snapshot' approach to determining the extent of the bankruptcy estate and the scope of the exemptions."] (*citing White v. Stump*, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301 (1924) ["(The Bankruptcy Code) makes the state laws existing when the petition is filed the measure of the right to exemptions."]); *Hrncirik v. Farmers Nat'l Bank (In re Hrncirik),* 138 B.R. 835, 839 (Bankr. N.D. Tex. 1992) [stating that exemptions are determined as of the date of the filing of the bankruptcy petition].

Because the Debtor in this case selected the Texas state law exemptions, the Court

must look to Texas law existing on the petition date. The Texas Constitution, both now and on the petition date, states that:

> The homestead, not in a town or city, shall consist of not more than 200 acres of land, which may be in one or more parcels, with the improvements thereon . . . provided, that the same shall be used for the purposes of a home. . . .[3]

Similarly, TEX. PROP. CODE ANN. §41.002 (Vernon 2000) states as follows:

> (b) If used for the purposes of a rural home, the homestead shall consist of:
> (1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or
> (2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.

This exemption protects a debtor's homestead from seizure for the claims of creditors, except for encumbrances which are "properly fixed" on the homestead property.[4] Section 41.001(b) then proceeds to describe those encumbrances which may be "properly fixed on homestead property." *See* TEX. PROP. CODE ANN. §41.001(b).

---

[3] *See* TEX. CONST. art. XVI, §51; *see also England v. FDIC*, 975 F.2d 1168, 1172 (5th Cir. 1992) ["From the beginning of Texas' statehood in 1845, its constitutions have provided homestead protection to its residents. . . ."]. Texas courts have always liberally construed any claimed homestead exemption. *Woods v. Alvarado State Bank*, 19 S.W.2d 35 (Tex. 1929) ["The rule that homestead laws are to be liberally construed to effectuate their beneficent purpose is one of general acceptation."] (*citing Trawick v. Harris*, 8 Tex. 312 (Tex. 1852)); *In re Mitchell*, 132 B.R. 553, 557 (Bankr. W.D. Tex. 1991).

[4] TEX. PROP. CODE ANN. §41.001(a) states that "[a] homestead . . . [is] exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property."

The Court now turns to the particular homestead exemption claimed by the Debtor in this case. Although the Trustee has the ultimate burden of persuasion (or the risk of non-persuasion) as the party objecting to the Debtor's claim of exemption, see FED. R. BANKR. P. 4003(c), the Debtor must sustain an initial burden of production or going forward with the evidence to establish that the referenced property qualifies for the exemption claimed before the Trustee, as the objecting party, is obligated to go forward with his proof. This is consistent with Texas law in this area which requires any homestead claimant to prove that the property claimed as homestead actually qualifies for the homestead exemption. *See, e.g., Bradley,* 960 F.2d at 507; and *Vaughn v. Vaughn*, 279 S.W.2d 427, 436 (Tex. Civ. App. — Texarkana 1955, writ ref'd n.r.e.) and cases cited therein.

As recognized in *NCNB Texas Nat'l Bank v. Carpenter*, 849 S.W.2d 875, 879 (Tex. App. — Fort Worth 1993, no writ), "[t]o establish a homestead claim in rural property, the claimant must: (1) reside on part of the property; and (2) use the property for purposes of a home." The Trustee recognized at the hearing that the Debtor had met that standard with regard to 3.29 acre- and 8.3 acre- tracts. However, "where the rural homestead consists of separate tracts of land, the mere establishment of a home on one tract may be insufficient to impress homestead character on the detached properties." *Painewebber Inc. v. Murray (In re Murray),* 260 B.R. 815, 830 (E.D. Tex. 2001). As Judge Schell noted in that opinion:

-5-

> For years, courts have drawn a distinction between those tracts that are contiguous and noncontiguous with the tract occupied by a residence. With a contiguous tract, one can logically extend the establishment of a home and the activities pertaining to the home to the outer boundaries of that tract. Only an imaginary line separates the residence tract from the contiguous property. Hence, there is a presumption that such a tract is used for the purposes of a home. With a noncontiguous tract, more than an artificial boundary separates it from the home. Unless the noncontiguous tract somehow supports the home, it has no nexus with the residence tract and is nothing more than another piece of property. Thus, a claimant must demonstrate distinct evidence that the noncontiguous piece of property is associated with the residence tract and that it is more than a separate plot of land.

*Id.*

Similarly in *Brooks v. Chatham*, 57 Tex. 31, 1882 WL 9451 (1882), the Supreme Court of Texas rejected a homestead claim on a noncontiguous tract of land ten miles away from the defendant's original homestead and made the following observations:

> But in the case under consideration, the lands being separate, the [noncontiguous] property could not become a part of the homestead . . . by any fact less than would be necessary to designate the homestead originally. . . . The constitution expressly provides that the rural homestead may consist of one or more parcels, and the fact that they may be distant several miles, the one from the other, is immaterial; . . . but when the lands are separated there must be such use as will amount to a designation of homestead of the subsequently acquired parcel, as fully as the same would be required in the original designation of homestead.

>It would be impracticable to lay down a general rule as to what shall constitute a designation to homestead use, in all cases, sufficient to throw around two or more separate parcels of land the protection given by the constitution to the rural homestead; but there must be something more than mere ownership, coupled with an intention at some time to use in connection with the parcel upon which the home stands, to protect other and detached parcels of land. Such designation must consist in the use of the detached parcel, or parcels, in connection with the home place, or in such preparation so to use as will clearly evidence the intention so to use; but this must vary according to the character of the detached parcel or land, and the purpose to which it is adapted and for which it is intended.
>
>The fact that the head of the family has a parcel of land upon which the family lives, and which thereby becomes entitled to protection as a homestead, cannot attach such character to a detached parcel of land not used for the purposes for which the homestead exemption is given; otherwise the exemption could be extended to something which is not homestead in fact; this was never intended by the constitution.

1882 WL 9451 at *2-*3.

In other words, the distant tract of land must also be used "for the purposes of a home" in order to qualify for the homestead exemption. *Autry v. Reasor*, 102 Tex. 123, 113 S.W. 748 (1908). The Debtor essentially argues that his recreational pursuits and the occasional tangible benefit he gains therefrom render sufficient "support" for his family to incorporate the noncontiguous 26.8 acres as a part of his homestead.

While "support of the family" has at times in the past been cited as one of the purposes of a home, *Brooks*, 1882 WL 9451 at p. *2 (1882); *Clark v. Salinas*, 626

S.W.2d 118, 120 (Tex. App. — Corpus Christi 1981, writ ref'd n.r.e.); and *Mays v. Mays*, 43 S.W.2d 148, 151 (Tex. Civ. App. — Beaumont 1931, writ ref'd n.r.e), the meaning of that phrase has never been conclusively defined, *Murray,* 260 B.R. at 828, and the means by which "support" is derived from the noncontiguous tract (as well as the utility of some of the older homestead decisions) must be carefully evaluated in light of the substantial changes in the means by which Texas citizens in the modern era support themselves and their dependents. As recognized by the United States Bankruptcy Court for the Western District of Texas:

> The historical context of these older cases must be considered; however, they involve a time and a place where "support" of the rural lifestyle necessarily meant that you provided many of your own essentials such as vegetables, meat, fuel, etc. . . . Care must be taken to determine the applicability of these early decisions to modern day country lifestyles and today's claim of a rural homestead.

*In re Webb*, 263 B.R. 788, 792 (Bankr. W.D. Tex. 2001).

In light of the fact that virtually all of the various cases assess the validity of a claimed homestead exemption under Texas law in the light of what the exemption is designed to accomplish — the protection of the family — the Court concludes that the evidence presented by the Debtor in this case is insufficient to sustain his initial burden of production to demonstrate that he has used the 26.8 acres "for the purpose of a home" and that the property therefore is not included within the scope of the Debtor's rural homestead exemption. The recreational use of the property, which is more accurately

classified in the enjoyment/convenience category of usage, simply has an insufficient nexus with the Debtor's homestead in the opinion of the Court to place the 26.8 acres into the general sphere of assets which the rural homestead exemption was designed to protect. Indeed, the exclusion of the noncontiguous bottomland property from the scope of the Debtor's homestead will not deprive the Debtor of a residence "where the independence and security of a home may be enjoyed, without danger of its loss, or harassment and disturbance by reason of the improvidence or misfortune of the head or any other member of the family." *See In re England*, 975 F.2d at 1174. Nor will it cause the Debtor to become a burden or a charge upon society. Instead, his true "home" will remain protected, but the 26.8 acres will be correctly characterized as a tract of non-exempt property distinctive in purpose and usage from the homestead property.

Because the Debtor has failed to satisfy his initial burden to establish the homestead character of the challenged property, the Court concludes that the "Trustee's Objection to Debtor's Claim of Exemptions" filed by Timothy O'Neal, Acting Chapter 13 Trustee, must be sustained and the Debtor's claim of a homestead exemption encompassing the 26.8 acre-tract of land located in Tyler County, Texas, more specifically identified on Debtor's Schedule C and in the Trustee's Objection, must be denied.

This memorandum of decision constitutes the Court's findings of fact and

conclusions of law[5] pursuant to Fed. R. Civ. P. 52, as incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

Signed on 7/7/2005

*Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[5] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.